## Brown Appeal

*Brown & McKnight*, for appellant.

*Richard A. Leuthold*, for appellee.

FLICK, P. J., March 22, 1961.—This is the appeal of Roger M. Brown from the tax assessment for 1959, as fixed by order of the Warren County Board of Assessment and Revision of Taxes on July 23, 1959, following

appeals to said board, for 20 acres of land in Freehold Township, Warren County, designated on the county tax map and property record card as YV-1-8286.

The reasons given for the appeal are that the assessment is not comparable to assessments of similar property; is higher than the fair sales value of the property; purports to assess Christmas trees but other crops are not assessed and the Christmas tree assessment has a purely speculative basis, based on incorrect assumptions.

This is one of 12 appeals, by various property owners, from assessments which include land planted in Christmas trees for the commercial market. . . .

A separate opinion and order is made in each appeal but all are being handed down at the same time. The opinion in Cherry Appeal, 25 D. & C. 2d 549, recites the procedure and order of proof followed for all appeals. . . . That opinion then discusses at length the issues raised in the appeals as to valuation of land on which trees had been planted for the purpose of raising them for the Christmas tree market. . . .

The property record card in this case, appellee's exhibit no. 2, shows 20 acres of land, of which 10 acres are classified as woodland at a valuation of $8 an acre, or $80, concerning which there is no dispute, and 10 acres are listed as Christmas tree land at a valuation of $200 per acre, or $2,000, making a total valuation of $2,080, and an assessment of $1,040 by application of the 50 percent uniform ratio for the county. As stated in E. T. Cherry's Appeal, supra, the valuation of Christmas tree land was increased to $300 per acre, but the change was never made in this assessment as the matter was to be litigated in the present appeal.

The uncontradicted testimony of appellant shows that in 1958 he planted 15,000 trees on 10 acres of his land. Properly cared for, sheared, etc., the trees which survived and grew normally would have been suitable

for sale as Christmas trees. However, appellant chose to eliminate his 10-acre plantation from production of trees for the Christmas tree market. For the consideration provided by law, he signed a contract with the United States Government, placing his 10 acres planted in trees under the Soil Bank Regulations of the United States Department of Agriculture. These regulations provide that nothing can be removed from the land for 10 years. Thus the land is eliminated as "Christmas tree land," for after 10 years the trees will have grown beyond the customary Christmas tree size.

A few trees are no doubt sold, in the extremely limited market which exists for Christmas trees more than 10 years old, but this should not characterize the 10 acres as Christmas tree land. A few big trees must be sold each year from some tracts of timber land but this does not change the classification of woodland. The evidence shows that after 10 years, Christmas trees get too big to shear, unless the owner has a special order.

For these reasons, the 10 acres of land which were classified as Christmas tree land at a valuation of $200 per acre, should have been classified as woodland, as this classification is printed on the property record cards. Such lands are uniformly valued at $8 per acre in Freehold Township.

Wherefore, the court finds that the 10 acres of appellant's land value at $200 per acre, or a total of $2,000, should be reduced to $8 per acre, or a total of $80, and makes the following order:

### Order

And now, March 22, 1961, for the reasons stated in the foregoing opinion, it is hereby

Ordered, adjudged and decreed, that the appeal of Roger M. Brown from the Tax Assessment identified on his property record card as YV-1-8286, being 20 acres of land in Freehold Township, Warren County,

for the year 1959, be and it is hereby sustained, and said assessment is reduced from $1,040 to $80.

Costs of this appeal to be paid by Warren County.